THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Charlese B.,
 Travis S., Roberta S., Defendants,
 
 
 Of whom,
 Charlese B.,
 In the interest
 of T.S., Minor Under the Age of 18 is, Appellant.
 
 
 

Appeal From Orangeburg County
Anne Gue Jones, Family Court Judge

Unpublished Opinion No. 2011-UP-262
 Submitted February 8, 2011  Filed June 7,
2011

AFFIRMED

 
 
 
 D'Anne  Haydel, of Orangeburg, for
 Appellant.
 Patrick L. Wright, of Orangeburg, for
 Respondent.
 James B. Jackson, Jr, of Santee, for Guardian
 Ad Litem.
 Roberta S., of Orangeburg, for Defendant.
 
 
 

PER CURIAM:  Charlese B. (Mother) appeals the family court's denial
 of sanctions pursuant to Rule 11, SCRCP, against the South Carolina Department
 of Social Services (the Department).[1] 
 Specifically, Mother argues the family court's ruling that the Department's
 actions in removing Child from Mother was not improperly motivated still
 permits the imposition of Rule 11, SCRCP, sanctions because a prior family
 court judge held the Department lacked probable cause to take Child into
 emergency protective custody. In addition, Mother also asserts the family court
 erred in not considering her supplemental memorandum in regard to her Rule 11,
 SCRCP, motion.  
In support of her argument, Mother
 contends the Department's basis for probable cause in removing Child was
 inaccurate.  The Department placed Child into emergency protective custody on the
 mistaken belief that Child tested positive for cocaine at her birth in November
 2008.  However, the Department later determined it was actually Mother's other
 child, who was born ten months earlier in January 2008, who had tested positive
 for cocaine.  As a result, Mother argues the Department's signature on the
 Notice of Emergency Custody Actions violated the requirement of Rule 11 that good
 grounds exist to remove Child because an investigation would have revealed
 Child did not test positive for cocaine at birth.  See Rule 11, SCRCP
 ("The signature of an attorney or party constitutes a certificate by him
 that he has read the pleading, motion or other paper; that to the best of his
 knowledge, information and belief there is good ground to support it . . .
 .").
Mother also contends the
 family court erred in concluding a merits finding in favor of the Department
 precludes Rule 11, SCRCP sanctions under Creighton v. Coligny Plaza Ltd. P'ship,
 334 S.C. 96, 512 S.E.2d 510 (Ct. App. 1998).
In deciding on Mother's Rule
 11, SCRCP motion, the family court denied Mother's relief pursuant to the
 Frivolous Civil Proceedings Sanctions Act rather than pursuant to Rule 11,
 SCRCP.  It was incumbent upon Mother to make a Rule 59(e), SCRCP, motion when
 the family court's order was inconsistent with her requested relief for
 sanctions under Rule 11, SCRCP.  Therefore, we affirm the family court's grant of summary judgment in
 favor of the Department pursuant to Rule 220(b)(1), SCACR, and the following
 authority:  Bennett v. Rector,  389 S.C. 274, 284, 697 S.E.2d 715,
 720 (Ct. App. 2010) ("When a party receives an order that grants
 certain relief not previously contemplated or presented to the trial court, the
 aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the
 judgment in order to preserve the issue for appeal.").
Because Mother's argument for
 Rule 11, SCRCP, sanctions is not preserved for review, we need not address the
 family court's denial of Mother's supplemental memorandum regarding her motion
 for Rule 11, SCRCP, sanctions.  See Futch v. McAllister Towing
 of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating
 an appellate court need not address remaining issues when a decision on a prior
 issue is dispositive).
Accordingly, the family
 court's decision is
AFFIRMED.
WILLIAMS, GEATHERS, and
 LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.